**MOLLER'S NURSERY, INC., an Oregon corporation, Plaintiff,**

**v.**

**UNION PACIFIC RAILROAD COMPANY, Defendant.**

**Civ. No. 70–877.**

United States District Court,
D. Oregon.

Aug. 12, 1971.

John G. McLaughlin, Douglas H. Stearns, McLaughlin & Stearns, Portland, Or., for plaintiff.

Randall B. Kester, Walter J. Cosgrave, Austin W. Crowe, Jr., Portland, Or., for defendant.

OPINION

ALFRED T. GOODWIN, District Judge:

The defendant has confessed liability for damages caused to a shipment of

---

nursery stock in transit. The only remaining question presented under the agreed statement of facts is the shipper's claim for interest.

■ The purpose of the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 20(11), was to shift from the shipper to certain carriers the burden of going forward with the investigation necessary to fix the responsibility for losses sustained in multiple-line rail shipments in interstate commerce. Congress concluded that it was easier and cheaper for the carriers to discover what had happened than for the shipper to do so. The congressional purposes that motivated the enactment of the Carmack amendment apply with equal force to the shipper's right to interest on liquidated claims. Lehigh Valley R. Co. v. State of Russia, 21 F.2d 396 (2d Cir. 1927).

If the original carrier caused the damage, it would be equitable to assess interest against that carrier for a liquidated claim. In this case, the original carrier did not cause the damage—another carrier did. A similar situation was held to be a proper one for the allowance of interest in Gardner v. Mid-Continent Grain Co., 168 F.2d 819 (8th Cir. 1948).

■ The lengthy delays in ascertaining the cause of the damage and the identity of the carrier ultimately liable therefor were not the "fault" of either party to this litigation. But the payment of interest encourages the expeditious processing of such claims. If the original carrier has subrogation rights against the carrier causing the damage, the paying carrier can recover the full amount of its payment in subsequent inter-line proceedings. Meanwhile, the shipper is made whole.

The shipper's claim for interest is allowed at the rate of six per cent per annum from the 22nd day of June, 1970. The plaintiff will submit a form of judgment accordingly.

This opinion shall constitute findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).